John DOE, Esquire

v.

KOHN, NAST & GRAF, P.C. d/b/a Kohn Klein Nast & Graf, P.C., Kohn Savett Klein & Graf, P.C. and Steven A. Asher.

Civ. A. No. 93–4510.

United States District Court, E.D. Pennsylvania.

May 24, 1994.

Alan B. Epstein, Jablon, Epstein and Wolf, John Doe, Philadelphia, PA, for plaintiff.

Barbara A. O'Connell, Sweeney, Sheehan & Spencer, Philadelphia, PA, for defendants.

Carmen R. Matos, E.E.O.C., Philadelphia, PA, for intervenor-plaintiff E.E.O.C.

Ronald P. Schiller, Piper & Marbury, Philadelphia, PA, Madeleine Schachter, CBS, Inc., New York City, for Non–Party CBS, Inc.

Carl A. Solano, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for Non–Parties Nat. Broadcasting Co., Inc. and Capital Cities/ABC, Inc.

## MEMORANDUM

BARTLE, District Judge.

Plaintiff, an attorney, contends that the defendant law firm and one of its partners fired him illegally because he is HIV positive. He brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as well as under state law.

Before the court[1] are the motions of defendants to compel non-parties National Broadcasting Company ("NBC"), American Broadcasting Company ("ABC") and CBS, Inc. ("CBS") to produce, in discovery, unbroadcast portions of videotaped interviews with plaintiff. The media has objected to production. They assert that a journalist's privilege arising under federal common law and the First Amendment to the Constitu-

tion[2] protects the unbroadcast portions of the interviews known in the trade as "outtakes."

The court has held the motion in abeyance pending compliance with its May 13, 1994 Order requiring the media to produce the videotapes for in camera inspection. *John Doe, Esquire v. Kohn, Nast & Graf, P.C., et al.,* 853 F.Supp. 147 (E.D.Pa.1994). The media have supplied the tapes in accordance with the Order. In addition, defendants, at the court's request, have provided transcripts of plaintiff's deposition as well as deposition exhibits.

 As this court noted in its Memorandum accompanying its May 13, 1994 Order, the Court of Appeals of this circuit recognizes a qualified privilege for the press to protect confidential sources and other material including outtakes, such as those involved here. *Riley v. City of Chester,* 612 F.2d 708, 714 (3d Cir.1979); *United States v. Cuthbertson,* 630 F.2d 139, 146 (3d Cir.1980), *cert. denied,* 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981). The privilege may be overcome only where the moving party satisfies the three part test set forth in *United States v. Criden,* 633 F.2d 346, 358 (3d Cir. 1980), *cert. denied sub nom. Schaffer v. United States,* 449 U.S. 1113, 101 S.Ct. 924, 66 L.Ed.2d 842 (1981):

> *First,* the movant must demonstrate that he has made an effort to obtain the information from other sources. *Second,* he must demonstrate that the only access to the information sought is through the journalist and her sources. *Finally,* the movant must persuade the court that the information sought is crucial to the claim.

633 F.2d at 358 (emphasis added).

This court previously found that the information defendants sought is by its nature unavailable elsewhere. In *Cuthbertson,* the Court of Appeals explained that verbatim and substantially verbatim statements of witnesses are

---

1. This case has been reassigned from The Honorable Robert S. Gawthrop, III to the undersigned for the purpose of the presently pending motions only.

2. The First Amendment provides that "Congress shall make no law ... abridging the freedom ... of the press....."

152

[b]ly their very nature ... not obtainable from any other source. They are unique bits of evidence that are frozen at a particular place and time.

630 F.2d at 148.

■ We must therefore determine whether "the information sought is crucial" to the defense of this action. In order to make this determination, we have read the pleadings and over 1,600 pages of plaintiff's deposition, reviewed numerous deposition exhibits, and watched the unabridged ABC, CBS, and NBC interviews of plaintiff.[3] While plaintiff discussed matters relevant to the instant lawsuit in the interviews, his statements were consistent with each other and with his deposition testimony. Although, not surprisingly, his precise choice of words often differed on the various occasions he answered questions and told his story, the essence was the same throughout. There were no material discrepancies. The tapes contain nothing which is likely to affect the outcome of the case and which is presently unavailable to defendants.

We cannot foreclose the possibility, of course, that if the tapes were produced defendants might find utility in something plaintiff said. However, that is not the legal standard we must follow. The mere fact that some of plaintiff's videotaped remarks would be admissible does not alone warrant compelled production of unbroadcast outtakes. Otherwise, the qualified reporter's privilege would be a mirage.

We have engaged in the balancing test required by the Court of Appeals. Nothing on the tapes appears to be crucial to the defendants' case so as to satisfy the requirement articulated in *Criden, supra. See also, Riley,* 612 F.2d at 716–17; *United States v. Cuthbertson,* 651 F.2d 189, 195 (3d Cir.1981) (*Cuthbertson II* ).

The motion of defendants to compel production of the videotaped interviews of plaintiff will be denied.

3. Defendants did not produce a small portion of the deposition transcript and a segment of one exhibit which were designated as confidential and contain information regarding plaintiff's personal life which is unrelated to the issues in this lawsuit.